IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| **WÄRTSILÄ TECHNOLOGY OY AB** and **WÄRTSILÄ DEFENSE, INC.**, <br><br>     Movants, <br><br> vs. <br><br> **ALICIA M. HAWKINS,** <br><br>     Respondent. | Civil Action No. 5:18-MC-01-FDW-DSC <br><br><br> **ORDER** |

**THIS MATTER** is before the Court on Movant's "Motion to Show Cause for Failure to Comply with a Subpoena [to Alicia M. Hawkins]…" (document #1), "Motion to Enforce Subpoenas to Yvette R. Johnson, Dwayne Butler, Carolyn Ward, and Cecilia Whitehead" (document #26), and "Joint Motion to Set Briefing and Hearing Schedule" (document #32), as well as the parties briefs and exhibits.

Movant seeks to compel the depositions of five United States Coast Guard ("USCG") employees related to trademark litigation pending in this District. See Wartsila Technology Oy Ab et al v. Coastal Seal Services, LLC, NCWD File No. 5:16-cv-00198-FDW-DSC. Neither the United States nor the proposed deponents are parties to the underlying action.

"When an agency is not a party to an action, its choice of whether or not to comply with a third-party subpoena is essentially a policy decision about the best use of the agency's resources." COMSAT Corp. v. Nat'l Sci. Fdt., 190 F.3d 274, 278 (4th Cir. 1999). The only proper method for judicial review of a federal agency's decision not to comply with a subpoena is through the Administrative Procedure Act ("APA"): "[w]hen the government is not a party [to the underlying action] … the APA provides the sole avenue for review of an agency's refusal to permit its

employees to comply with subpoenas" or Touhy requests. COMSAT, 190 F.3d at 274. "The APA … permits a federal court to order a non-party to comply with a subpoena if the government has refused production in an arbitrary, capricious, or otherwise unlawful manner." *Id.* at 277. A federal agency's decision is arbitrary and capricious if:

> …the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicles Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co., 463 U.S. 29, 43 (1983). The reviewing court "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Bobreski v. E.P.A., 284 F. Supp. 2d 67, 74 (D.D.C. 2003).

Applying those principles to the record here, the Court concludes that the USCG's decision to decline to make its employees available for deposition was neither arbitrary or capricious. To the contrary, the USCG has produced documents addressing Movant's primary concern – whether the USCG purchased Coastal Seal Service, LLC's sealant product believing it to be Movant's product.

For those reasons, as well as the other reasons stated in Respondent's briefs, the "Motion to Show Cause for Failure to Comply with a Subpoena [to Alicia M. Hawkins]…" (document #1), and "Motion to Enforce Subpoenas to Yvette R. Johnson, Dwayne Butler, Carolyn Ward, and Cecilia Whitehead" (document #26) are **DENIED**.

The "Joint Motion to Set Briefing and Hearing Schedule" (document #32) is **DENIED AS MOOT**.

The Clerk is directed to send copies of this Order to the parties' counsel; <u>and to the Honorable Frank D. Whitney.</u>

**SO ORDERED.**

Signed: February 13, 2018

David S. Cayer
United States Magistrate Judge